THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RICHARD CUMMINGS,<br><br>     Plaintiff,<br><br>v.<br><br>TYLER KNUDSON et al.,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER DENYING INJUNCTIVE RELIEF AND TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:26-CV-168-RJS<br><br>District Judge Robert J. Shelby |

Plaintiff Richard Cummings, acting *pro se* as a Utah state inmate, brought this civil-rights action.[1]  Having now screened the Complaint,[2] under its statutory review function,[3] the court

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

[2] Dkt. 1, *Complaint*.

[3] *See* 28 U.S.C. § 1915A. The screening statute reads:

> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2026).

orders Plaintiff to file an amended complaint curing the deficiencies identified below if he would

like to further pursue claims.

## A. COMPLAINT'S DEFICIENCIES

The Complaint:

1. is not on the court-required civil complaint form;

2. improperly names Plaintiff's public defenders as defendants, when such attorneys are not state actors under § 1983 (see below);

3. improperly names a judge as a defendant, apparently without considering judicial immunity (see below);

4. appears to inappropriately name a prosecutor as a defendant, without considering prosecutorial immunity (see below);

5. needs clarification as to what constitutes a cause of action under the Americans with Disabilities Act (ADA)[4] (see below);

6. needs clarification of the difference between the ADA and the Rehabilitation Act (RA);[5]

7. is not clear as to whether Plaintiff understands the difference between suing defendants in their individual or official capacities (see below);

8. must be amended with an understanding of how sovereign immunity applies to states, state entities, and state employees—e.g., Judge Trease (see below);

9. lacks recognition of principles applicable to holding local governmental entities liable under federal civil-rights law (see below);

10. alleges possible constitutional violations resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2026), which reads, "No Federal civil action may be

---

[4] *See* 42 U.S.C. §§ 12101–12213.

[5] *See Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1312–13 (10th Cir. 2021) (stating claims are typically evaluated identically under ADA and RA except for different causation standards between them—i.e., the ADA "prohibits discriminating against qualified individuals 'by reason of such disability,' 42 U.S.C.S. § 12132 (2026)," while the RA "prohibits discriminating against qualified individuals 'solely by reason of [their] disability,' 29 *id.* § 794(a)").

brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act";

**11.** appears to raise some issues about his criminal-defense counsel that are inappropriately brought here, but should instead be raised in his criminal case, along with possible ineffective-assistance-of-counsel claims;

**12.** appears to raise some issues of structural constitutional violations within his ongoing state criminal action (currently in a pretrial posture), which are inappropriately brought in this federal civil-rights action (due to exhaustion and abstention tenets), but should instead be addressed within the confines of his state criminal action;

**13.** does not concisely link each element of the claim of intentional infliction of emotional distress to each individually named defendant[6] (see below);

**14.** generally does not properly affirmatively link an individual named defendant to each element of each alleged civil-rights or state-law violations (see below); and

**15.** has claims apparently based on current confinement; however, the complaint appears not to have been submitted using legal help Plaintiff is constitutionally entitled to by his institution—e.g., contract attorneys.[7]

## B. GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the

---

[6] Plaintiff should keep in mind that, if he brings state-law claims, the court could take jurisdiction over such claims only as a matter of "pendent jurisdiction," a doctrine that allows "district courts to hear [state-law] claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based." *Thornton v. GEO Grp., Inc*. No. CV 14-893 MCA/CG, 2016 U.S. Dist. LEXIS 140710, at 38-39 (D.N.M. May 16, 2016); *Est. of Martinez v. Taylor*, 176 F. Supp. 3d 1217, 1232 (D. Colo. 2016).  Thus, if all Plaintiff's "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

[7] *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

relief sought."[8]  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[9]

Pro se litigants are not excused from meeting these minimal pleading demands.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[10]  Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant."[11]  Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[12]

Plaintiff should consider these points before filing an amended complaint:

1.  The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint(s).[13]  Also, an amended complaint may not be added to after filing without moving for amendment.[14]

2.  Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

---

[8] F. R. Civ. P. 8(a).

[9] TV Commc'ns Network, Inc. v ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991).

[10] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] Id.

[12] Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989).

[13] See Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) (stating an amended complaint supersedes the original).

[14] Fed. R. Civ. P. 15.

**3.** The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Plaintiff's civil rights.[15] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[16] Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

**4.** Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.[17]

**5.** Plaintiff may not name an individual as a § 1983 defendant based solely on supervisory position.[18]

**6.** Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."[19]

**7.** "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[20] However, Plaintiff need not include grievance details

---

[15] *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).

[16] *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (citation modified).

[17] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific time, place, or person involved in the alleged [claim].' Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.'" (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007))).

[18] *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

[19] *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

[20] 42 U.S.C. § 1997e(a).

5

in the complaint.  Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants.[21]

8. **State Actor.**  "[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'"[22]  And, "'though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'"[23]

9. **Judicial Immunity**.  It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims."[24]  The judge here very well may have been acting in a judicial capacity in presiding over Plaintiff's case(s); if so, such actions are entitled to absolute immunity.[25]

10. **Prosecutorial immunity.**  Prosecutors acting within the scope of their duties enjoy absolute immunity from suit under § 1983.[26]  The prosecutor's acts, as alleged by Plaintiff, possibly relate to advocacy.  The prosecutor defendant therefore may be entitled to absolute prosecutorial immunity from this lawsuit.

---

[21] *Jones v. Bock*, 549 U.S. 199, 216 (2007).

[22] *Garza v. Bandy*, 293 F. App'x 565, 566 (10th Cir. 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

[23] *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)).

[24] *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

[25] *See Doran v. Sanchez*, 289 F. App'x 332, 332 (10th Cir. 2008) (unpublished).

[26] *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976).

**11. ADA.** Plaintiff should also consider this information in amending the complaint:

> To state a failure-to-accommodate claim under [ADA], [a plaintiff] must show: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; (3) such exclusion or denial was by reason of his disability; and (4) [the defendant] knew he was disabled and required an accommodation.[27]

Further, "[c]ourts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation."[28] "The ADA requires more than physical access to public entities: it requires public entities to provide '*meaningful* access' to their programs and services. To effectuate this mandate, "the regulations require public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.'"[29]

Finally, Plaintiff may not sue any defendant in an individual capacity under ADA.[30] "[T]he ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."[31]

---

[27] *Ingram v. Clements*, 705 F. App'x 721, 725 (10th Cir. 2017) (citation modified).

[28] *Villa v. Dep't of Corrs.*, 664 Fed. App'x 731, 734 (10th Cir. 2016) (quoting *J.V. v. Albuquerque Pub. Schools*, 813 F.3d 1289, 1295 (10th Cir. 2016)).

[29] *Id*. (quoting *Robertson v. Las Animas Cnty. Sheriff's Dept.*, 500 F.3d 1185, 1195 (10th Cir. 2007)).

[30] *Watson v. Utah Highway Patrol*, No. 4:18-CV-57-DN-PK, 2019 U.S. Dist. LEXIS 234094, at *6 (D. Utah 2019) ("Only public entities are subject to Title II.").

[31] *Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999); *see also Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("We hold that the [ADA] does not provide for individual liability, only for employer liability."); *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) ("[T]here is no individual capacity liability under Title II of the ADA.").

12. **Official capacity versus individual capacity**.  The United States Court of Appeals for the Tenth Circuit explains:

> The Supreme Court has instructed that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.  By contrast, individual-capacity suits seek to impose individual liability upon a government officer for actions taken under color of state law.[32]

One difference between suing a defendant in an official versus individual capacity has to do with averring causation.  To adequately assert causation against a defendant in an individual capacity, the plaintiff must allege facts showing that the defendant "set in motion a series of events that he knew or reasonably should have known would cause others to deprive [the plaintiff] of her constitutional rights."[33]  Conversely, to adequately assert causation against a defendant in an official capacity, the plaintiff must first identify an official policy or custom, and then establish that the challenged policy or custom was the "'moving force' behind the injury alleged."[34]

13. **Eleventh Amendment immunity.**  Under the Eleventh Amendment, sovereign immunity blocks actions for money damages against states, state agencies, and state officers in their official capacities.[35]  However, an exception provides "that 'a plaintiff may bring suit

---

[32] *Coates v. Reigenborn*, Nos. 22-1339 & 22-1434, 2023 U.S. App. LEXIS 27456, at *9-10 (10th Cir. Oct. 16, 2023) (unpublished) (citation modified); *see also Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015) ("A suit against a government agent in his official capacity is treated as a suit against the government.").

[33] *Perry v. Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018) (citation modified); *see also Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) ("When confronting individual-capacity § 1983 claims, our focus must always be on the *defendant*—on the injury *he* inflicted or caused to be inflicted, and on *his* motives." (citation modified)).

[34] *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997).

[35] *See Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008); *Couser v. Gay*, 959 F.3d 1018, 1022 (10th Cir. 2020); *see also Buck v. Utah Labor Comm'n*, 73 F. App'x 345, 347 (10th Cir. 2003) (holding Eleventh Amendment shields State of Utah and its employees in official capacity from claims alleging violations of § 1983).

8

against *individual state officers* acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.'"[36]

14. **Local governmental entities**.  The following tenets apply to local governmental liability in a federal civil-rights action:

> A plaintiff may bring a 42 U.S.C. § 1983 suit for alleged constitutional violations that arise from the policies or practices of a municipal police department.  Typically, if a plaintiff alleges wrongdoing on the part of a municipal police department, the plaintiff must name as a defendant the county, city, or other form of local government that oversees the police department, rather than the police department itself.  This is because municipal departments, such as police departments, are generally not considered separate legal entities from the local government they serve.  That is, unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.
>
> Local governing bodies overseeing a municipal department can be sued directly under § 1983 for declaratory and injunctive relief, as well as damages, where the action that is alleged to be unconstitutional implements or executes a policy or custom attributable to the municipality.  A policy can include a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.  However, a formal policy need not originate from the local government itself; it can be issued by a municipal department or its officials.[37]

15. **Intentional infliction of emotional distress**.  A *prima facie* case of intentional infliction of emotional distress contains the following elements:

> [T]he defendant intentionally engaged in some conduct toward the plaintiff, (a) with the purpose of inflicting emotional distress, or, (b) where any reasonable person would have known that such would result; and his actions are of such a nature as to be considered outrageous and intolerable in that

---

[36] *Norton v. Parsons*, No. 23-4055, 2024 U.S. App. LEXIS 2109, at *5 (10th Cir. Jan. 31, 2024) (emphasis added) (unpublished) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012)).

[37] *Brown v. City of Tulsa*, 124 F.4th 1251, 1264 (10th Cir. 2025) (citation modified).

they offend against the generally accepted standards of decency and morality.[38]

### 16. Affirmative link.

The Tenth Circuit has explained:

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant personally participated in the alleged constitutional violation at issue. Indeed, because § 1983 is a vehicle for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants.[39]

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."[40]

Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous."[41]

### C. MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

Next, the court evaluates Plaintiff's Motion for Temporary Restraining Order[42] and Motion for Preliminary Injunction.[43] These motions appeared on the docket as of Friday, May 28, 2026, yet ask for this court to provide emergency relief on Monday, June 1, 2026.[44] Such relief is denied.

---

[38] *Samms v. Eccles*, 358 P.2d 344, 346-47 (Utah 1961) (adopting section 46 of Restatement (Second) of Torts).

[39] *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

[40] *Id*. at 790 n.5.

[41] *Id.*

[42] Dkt. 9, *Motion for Temporary Restraining Order* (*TRO Motion*).

[43] Dkt. 10, *Plaintiff Motion for Preliminary Injunction* (*PI Motion*).

[44] *TRO Motion* at 2.

### 1. Motion for Temporary Restraining Order

Here, Plaintiff asserts he cannot "safely stand or walk during shackling" and "risks falling or injury during transfers . . . lack[ing] proper restraints," which causes him "severe pain during transport," yet "[a] hearing i[n] state court is scheduled June 1, 2026, and transport would cause immediate harm."[45]  Thus, Plaintiff requests that this Court order the following relief: "No physical transport until the Court rules on the preliminary injunction;" "[r]emote appearance only (video or phone) for any upcoming hearing;" and "ADA-compliant accommodations."[46]

However, this relief is unrelated to the relief requested in the Complaint, which 1) does not suggest claims about transportation issues; 2) contains claims only against defendants who appear to be immune to Plaintiff's federal civil-rights claims; and 3) based on the above screening analysis, appears not to state any claims upon which relief may be granted.[47]  Plaintiff also places in the caption of his TRO Motion names that do not appear in the Complaint: Utah Department of Corrections (UDOC) and Warden S. D'Amico.[48]  But Plaintiff may not validly add these names as defendants in a motion for preliminary injunctive relief.  A crucial point is that none of the defendants named in the Complaint are in a position to provide relief regarding transportation, which would presumably be managed by UDOC.

### 2. Motion for Preliminary Injunction

Plaintiff states his motion for a preliminary injunction "seeks to prevent ongoing violations of Plaintiff's constitutional rights and rights under the Americans with Disabilities Act

---

[45] *Id*.

[46] *Id*.

[47] *See Complaint*.

[48] *TRO Motion*.

(ADA) by prohibiting further unsafe transport orders, requiring ADA accommodations, and ensuring meaningful access to the courts."[49]  Again, this relief is mostly unrelated to the relief requested in the Complaint, which does not suggest claims about transportation issues, contains claims only against defendants who appear to be immune to Plaintiff's federal civil-rights claims, and does not appear to state any claims upon which relief may be granted.[50]  The PI similarly includes the UDOC and Warden S. D'Amico names in the caption of his PI.[51]  As explained above, Plaintiff may not validly add these names as defendants in a motion for preliminary injunctive relief.

### 3. Principles governing preliminary injunctive relief

Finally, as to these two motions, the Court reviews other relevant principles below. The Tenth Circuit holds as follows:

> To obtain a preliminary injunction, a plaintiff must establish (1) a substantial likelihood of prevailing on the merits, (2) irreparable harm unless the injunction is issued, (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party, and (4) that the injunction, if issued, will not adversely affect the public interest.[52]

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal."[53]

---

[49] *PI Motion* at 1–2.

[50] *See Complaint*.

[51] *PI Motion*.

[52] *Bradford v. U.S. Dep't of Labor*, 101 F.4th 707, 718 (10th Cir. 2024) (citation modified).

[53] *SCFC ILC, Inc. v. VISA USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).

The court has carefully reviewed Plaintiff's motions for injunctive relief and concludes that he has not met his burden.  Plaintiff has not adequately addressed any of the four elements necessary to an analysis of his motions.  Indeed, the court's thorough assessment of Plaintiff's current versions of his arguments reveals that Plaintiff has not met the heightened pleading standard required in moving for emergency injunctions.  Additionally, there is no valid complaint on file as of this Order.  Preliminary injunctive relief is therefore denied.

## E. ORDER

**IT IS HEREBY ORDERED** as follows:

**1.**  Plaintiff must within 120 days cure the Complaints deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document.[54]

**2.**  The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**3.**  If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**4.**  The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint.[55]  The court will not address any such new claims or outside allegations, which will be dismissed.  If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case.  If an

---

[54] *Complaint.*

[55] *Id.*

13

amended complaint is filed, the court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

5.   Plaintiff must tell the court of any address change and timely comply with court orders.[56]  Failure to do so may result in this action's dismissal for failure to prosecute.[57]

6.   Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

7.   No direct communication is to take place with any judge.  All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

8.   Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action."[58]

9.   The TRO Motion is **DENIED**.[59]

10.   The PI Motion is **DENIED**.[60]

---

[56] *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes.").

[57] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

[58] DUCivR 83-1.6(a).

[59] Dkt. 9.

[60] Dkt. 10.

DATED this 1st day of June 2026.

BY THE COURT:

_____

JUDGE ROBERT J. SHELBY
United States District Court

15